[Civ. No. 17885.   Second Dist., Div. One.   May 8, 1951.]

ARCHIE WOODWARD, Appellant, v. EDITH BRUNER et al., Defendants; JUNE BRUNER, Respondent.

John W. Swink and Warner & Jackson for Appellant.

Harry E. Templeton for Respondent.

HANSON, J. pro tem.—The only question brought here by the appeal is whether attorney's fees incurred by the successful respondent in a cross-action, to quiet title to realty against a cloud created by the cross-defendant and for damages, were properly allowed to her *as damages.*

The real estate involved in this action was acquired by the respondents June Bruner and her mother Edith Bruner in June, 1946, by a deed of joint tenancy. In July, 1947, the mother executed a promissory note to the plaintiff herein. In June, 1948, the mother conveyed her joint tenancy interest in the property mentioned to her daughter. Thereafter in December, 1948, the plaintiff instituted in the municipal court an action against the mother to recover judgment on the note and, on the theory the conveyance by the mother to the daughter was fraudulent as to him, the plaintiff caused an attachment to be issued and levied against the property. After the plaintiff obtained judgment in the prior action against the mother, he instituted the present action against the mother and her daughter, the respondents herein, to set aside the conveyance as being in fraud of creditors. The mother and daughter answered the complaint averring that the property had been purchased by the daughter out·of her own funds and that title had been taken in the name of the mother and daughter as joint tenants merely for the convenience of the daughter. Additionally, the daughter filed a cross-complaint to quiet the title to the property alleging therein a demand upon and a refusal by appellant to release the attachment lien and that by reason thereof she had been compelled to employ an attorney to institute an action (evidently the cross-complaint) to establish her ownership of the property free of any cloud or lien claimed by appellant. The prayer was for judgment establishing and quieting her title and that she have and recover reasonable attorney's fees incurred by her in vindication of her title.

The trial court found for and entered a judgment quieting title in respondent and allowing her damages representing the attorney's fees she had incurred in the sum of $250. In support of the judgment for attorney's fees respondent contends the attorney's fees were damages she suffered as "the direct and proximate result" of a wrongful act, i. e., "the levy of the attachment upon her real property and the refusal of the appellant to release and discharge the same." In an endeavor to support her contention respondent quotes the provisions of two damage sections in the Civil Code, sections

3281 and 3333. We do not view the sections as being applicable for reasons presently to be stated.

In the early days of the common law the term "damages" embraced merely the compensation due for the particular injury upon which the writ issued without any allowance for expenses or losses sustained in vindication of the right, such as fees of counsel, court costs or other expenses. In fact costs, as we know them today, were at that time wholly unknown by that name. (See Bac. Abr., tit. Costs; *Day* v. *Woodworth*, 13 How. (U.S.) 363 [14 L.Ed. 181].) In a very few instances and for a very short period in the very early common law days certain expenses of litigation, other than counsel fees, apparently were allowed as a quantum of the damages. (See Pilford's Case, 77 Reprint 1102.) However, the early common law did impose upon a plaintiff who failed to sustain his claim a pecuniary penalty assessed by the courts which was akin to costs. If the plaintiff sustained his claim the defendant was subject in the discretion of the court to having a moderate penalty imposed upon him, not measured by the expenses of the litigation. (See *Day* v. *Woodworth*, 13 How. (U.S.) 363 [14 L.Ed. 181]; 2 Cooley's Blackstone, 4th ed., p. 1153; Bac. Abr., tit. Costs.)

As the penalty assessed in favor of the successful plaintiff was generally not comparable to his costs, Parliament in the reign of Edward VI (1547-1553) passed what is known as the Statute of Gloucester, 6 Edw. I, c. 1. That statute expressly provided that a plaintiff who recovered damages should in addition recover his costs. This statute was interpreted by the common law judges as requiring them to allow, as a part of the statutory costs, moderate counsel fees in favor of the successful plaintiff as costs. After reaching this conclusion the common law judges thereafter consistently held that expenses of litigation could not be recovered as damages, and no costs were recoverable beyond those taxable under the statute. (1 Sedgwick on Damages, 9th ed., §§ 229-230.)

■ This rule of the common law that counsel fees were to be classed as costs and not damages is a part and parcel of our law, except to the extent that a statute or a contract between the parties provides otherwise.

As has been stated respondent bases her right to recover as damages the counsel fees payable by her upon the language found in Civil Code, sections 3281 and 3333. ■ These sections of the code in part codify and in part expand the common law definition of damages. ■ We read the lan-

guage of these sections, as of the day they were enacted, and in the light of the then long-established rule of the common law, universally adopted by the American courts, and conclude the Legislature did not intend to expand our law of damages so as to include within its scope attorney fees. Our position is buttressed by *Hays* v. *Windsor*, 130 Cal. 230 [62 P. 395], and *Nicholls* v. *Mapes*, 1 Cal.App. 349 [82 P. 265]. In the Hays case the court held that counsel fees were not allowable as damages under the provisions of Civil Code, section 3336. If, as was there held, the language of that section did not warrant an allowance of attorney's fees, it is clear that the language of sections 3281 and 3333 is not strong enough.

Because the action of the trial court in allowing as damages the counsel fees incurred by respondent went beyond the power of the court, that portion of the judgment cannot be sustained.

For the foregoing reasons, the judgment is modified by striking therefrom the portion thereof reading: "That the cross-complainant June Bruner have and recover from cross-defendant Archie Woodward the sum of two hundred and fifty dollars ($250.00)." As so modified, the judgment is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.