[Civ. No. 19674. First Dist., Div. Three. Jan. 24, 1962.]

C. J. WOOD, INC., Plaintiff and Appellant, v. SEQUOIA UNION HIGH SCHOOL DISTRICT, Defendant and Respondent.

John G. Evans and John D. Jorgenson for Plaintiff and Appellant.

Weinstock, Anderson, Maloney & Chase as Amici Curiae on behalf of Plaintiff and Appellant.

Keith C. Sorenson, District Attorney, and Howard E. Gawthrop, Deputy District Attorney, for Defendant and Respondent.

DRAPER, P. J.—During performance of its contract for grading the site for defendant district's new high school, plaintiff brought this action for a declaration of its rights and for accrued damages. The case was tried without a jury, and plaintiff appeals from judgment in favor of defendant.

Although the contract called for a lump-sum payment for the work, it also provided that "If rock is encountered which cannot be removed by power equipment and which in the opinion of the architect can only be removed by blasting, then the excavation of rock" will be paid for at the added rate of $1.25 per cubic yard. A number of provisions emphasize the finality of the architect's determination of questions of intent and meaning of the contract, and the amounts due thereunder. After bid, but before work began, plaintiff's president and the architect discussed the manner of determining what rock "can only be removed by blasting." Soil engineers had recommended that the test should be by operation of a specified combination of equipment under observation of the inspector. "If the material cannot be ripped by proper handling of these two pieces of equipment in tandem then the contractor may resort to blasting." This recommendation was adopted in a letter from architect to contractor after their conference. At a meeting of the board of defendant, this letter was read aloud, and plaintiff's president agreed that he understood it.

The instant dispute concerns actual application of the above test. Much of the land to be graded consisted of Franciscan sandstone, some so dense as to require blasting, and some which could reasonably be ripped. When the contractor suggested that a particular area required blasting, a test using the specified equipment was arranged. If the ripper stayed in the ground and displaced it, no blasting classification was allowed. If, however, the ripper rode on top of the material and failed to displace it for a portion of the test run, blasting classification was allowed for a percentage of the area equal to the proportion of the test run in which the ripper did not effectively displace the material. Plaintiff claimed blasting allowance for some 197,000 cubic yards. The architect allowed blasting in areas containing a total of 135,000 yards but, by

reason of application of percentages computed by him, allowed additional payment for only 56,000 yards of that material. Plaintiff's contention is that the architect was arbitrary, unreasonable and capricious in reaching this result. The trial court found that the architect acted reasonably, and that his allowance of added payments for required blasting was fair and proper.

Under such contract provisions as we have here, the decision of the architect is conclusive in the absence of fraud or gross mistake (*American-Hawaiian Eng. etc. Co.* v. *Butler*, 165 Cal. 497, 504 [133 P. 280, Ann. Cas. 1917C 44]; *Hagginwood Sanitary Dist.* v. *Downer Corp.*, 179 Cal.App.2d 756 [3 Cal.Rptr. 873]). ▪ Mere error is not enough to impeach his determination; that effect follows only upon an error so gross as to amount to fraud (*Connell* v. *Higgins*, 170 Cal. 541 [150 P. 769]) or which has prevented a fair exercise of judgment (*California Sugar etc. Agency* v. *Penoyar*, 167 Cal. 274 [139 P. 671]).

▪ Although plaintiff does not assert actual fraud, it argues at length that such gross mistake is here shown, and that the contrary finding is unsupported by evidence. We have examined the transcript in detail, and have concluded that plaintiff's view of the evidence is a result of the selective myopia endemic in appellants as a class. In fact, the architect availed himself of expert advice at all stages. While there is much contrary testimony, there is ample evidence that his classifications were fair and reasonable. We conclude that there is substantial evidence to support the findings.

Plaintiff asserts error in the rejection of two offers of proof. While there is some room to question the technical adequacy of the offers (see Witkin, Cal. Evidence, pp. 744-745), we prefer to consider them on their merits.

▪ The first offer was to show a claimed custom and usage that the architect must consider the efficiency and economy of the contractor's overall operation in deciding claims for blasting allowance. ▪ But custom and usage are admissible only as an instrument of interpretation (Code Civ. Proc., § 1870, subd. 12), and not to vary express terms of a contract (*Withers* v. *Moore*, 140 Cal. 591, 597 [74 P. 159]). ▪ Here the agreement is for extra payment only for "rock . . . which cannot be removed by power equipment and which, in the opinion of the architect can only be removed by blasting." A "custom" which would substitute "cannot

be efficiently and economically removed by the particular contractor's methods of operation'' for ''cannot be removed'' clearly would alter the executed agreement. Further, it would substitute a standard varying with the operating efficiency of each bidder. If appellant urges only that the determination of the architect must be reasonable, the offered proof of custom is not relevant. In fact, it was allowed to introduce much evidence that as to certain of the graded areas it was unreasonable to deny blasting allowance. The trial court accepted the contrary evidence of defendant, but plaintiff was permitted to develop its theory fully at trial.

The second custom sought to be shown was that if any blasting allowance were made within a given area, the allowance must extend to all material removed from that area. As stated by the trial judge in seeking clarification of the offer, if the architect ''allowed 20 per cent you should get a hundred . . . is that it?'' This offer defeats itself. Plaintiff was free to specify the areas for which it sought blasting classification, and his offered custom includes no statement of any limitation upon the size of such areas. The contract clearly contemplates distinction between material which can be removed by power equipment and rock which cannot. Neither the contract nor the letters of the architect and the soils engineer bars use of proportions rather than specific surface measurements to reduce a claim by plaintiff. The claimed custom would require total blasting allowance if a minute amount of rock were found in an area of unlimited size claimed. Even if there were a limit upon the area of rock which plaintiff could claim at one time, the asserted custom might well contravene the express language of the contract. Lacking any such limitation, the asserted custom clearly is counter to the contract provisions, and thus inadmissible. There is evidence that the method chosen by the architect is fair and reasonable.

On the whole record, there is sound basis for the trial court's conclusion that plaintiff chose to blast for reasons of economy in its own operation, and that in light of the contract provision it is not entitled to additional pay for thus serving its own interest.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied February 19, 1962.