BARNES, J.,
Concurring in Part, Dissenting in Part:
¶ 21. I concur with the majority’s holding that the trial court committed no error in removing erroneously admitted evidence in support of its decision to grant Floyd’s judgment notwithstanding the verdict (JNOV). However, for reasons that I will discuss briefly, I cannot concur in the majority determination that the trial court correctly refused to award any attorney’s fees to Floyd. Accordingly, as to Issue I, I concur with the majority’s well-reasoned opinion; with respect to Issue II, I respectfully dissent.
¶ 22. As the majority correctly explains, section 11-53-81 (Rev.2002) provides that if a defendant “sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney’s fees to be set by the judge.” However, the majority reasons that, since Floyd successfully moved for summary judgment on the open account claim prior to trial, he is not entitled to attorney’s fees as the “prevailing party,” as the remaining litigation went forward on the lease-purchase contract claims— claims for which attorney’s fees are not statutorily authorized.[3] To support its holding, the majority relies on Hughes Equip. Co. v. Fife, 482 So.2d 1144 (Miss.1986). There, the Mississippi Supreme Court reversed a trial court’s award of attorney’s fees to a defendant who had been sued on an open account.
¶ 23. The suit in Hughes Equip, had been voluntarily dismissed prior to trial. Accordingly, the Hughes Equip, court concluded that the defendant was not a “prevailing party” within the meaning of the open account statute. In finding that Floyd was similarly not a “prevailing party” in the instant case, the majority mistakenly concludes that Hughes Equip. compels that finding inasmuch as Floyd’s *585 “victory” was achieved at the pretrial stage.
¶ 24. Contrary to the majority’s interpretation of Hughes Equip., the deciding factor in both Hughes Equip, and Int’l Indus., Inc. v. Olen, 21 Cal.3d 218, 145 Cal.Rptr. 691, 577 P.2d 1031 (1978)-the California Supreme Court opinion upon which the Hughes Equip, court relied-was that the suit was voluntarily dismissed prior to trial, not simply that the litigation with respect to the open account claim ended prior to trial. This point is illustrative by the policy considerations underlying the Olen court’s decision: “permitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees.” Hughes Equip., 482 So.2d at 1147 (quoting Olen, 145 Cal.Rptr. 691, 577 P.2d at 1034-35). In the instant case, Floyd prevailed pursuant to summary judgment, which can in no way be construed as a “voluntary dismissal,” and the policy considerations underlying Olen are completely inapplicable to the situation presented to this Court.
¶ 25. Finally, the important consideration in deciding whether a defendant is a “prevailing party” is not necessarily when the favorable outcome was reached, but how that outcome affects the legal relationship between the parties. The United States Supreme Court has held that, at a minimum, there must be a “judicially sanctioned change in the parties’ legal relationship” in order for a party to be permitted an award of attorney’s fees in federal fee-shifting statutes. 3-25 James Wm. Moore et al., Moore’s Federal Practice § 25.81 (3d ed.1997). Generally, the defendant will be the prevailing party if the plaintiff does not qualify as the prevailing party, thereby considered “prevailing” only if the plaintiff receives no relief whatsoever from the litigation. Id. This would obviously include situations where the case was litigated on the merits and ultimately found in favor of the defendant. Id. If the case is disposed of before judgment on the merits, such as with a dismissal, another standard is used. Id. A dismissal with prejudice would be considered an adjudication on the merits that changes the legal relationship between the parties, thereby making the defendant the prevailing party, because this dismissal completely abolishes the claim the plaintiff may have had against the defendant. Id. Alternatively, a dismissal without prejudice does not alter the parties’ legal relationship and thus the defendant is not considered the prevailing party. Id. It follows that a voluntary dismissal does not alter the parties’ legal relationship either, so the defendant could not “prevail” in that instance either, as the Hughes Equip, court articulated.
¶ 26. In our case, both the pre-trial summary judgment and JNOV, according to the standard articulated regarding federal statutes, definitively changed the legal relationship between, the parties, irrespective of when the favorable determination occurred. It matters not whether the open account claim was completely abolished at the summary judgment phase, or continued in whole or in part until the JNOV, because either of these actions caused a material change in the legal relationship of the parties. Moreover, even if the open account claim was completely abolished at summary judgment, as the majority opines, Floyd was still the prevailing party at this point and accordingly would be entitled to attorney’s fees accrued up to this time. Therefore, I would respectfully dissent regarding the majority’s conclusion as to Issue II, and reverse and remand for a determination of the *586 amount of attorney’s fees to be awarded to defendant Floyd.
■ CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ., Join this Opinion.

. The record does not make clear the exact nature of the summary judgment granted to Floyd prior to trial. The majority proceeds under the assumption that the open account claim was completely wiped out by the summary judgment. If this were the case, then, as will be shown, Floyd was nevertheless a prevailing party and would be entitled to attorney's fees accrued up to the point of summary judgment. If some part of the open account claim survived the pretrial summary judgment, then Floyd became the prevailing party when the trial court granted the JNOV, and he would be entitled to all attorney’s fees attributable to the defense of the open account claim.