[No. A129336. First Dist., Div. Four. June 21, 2011.]

GARY D. ARONSON et al., Plaintiffs and Respondents, v.
ADVANCED CELL TECHNOLOGY, Defendant and Appellant.

1044

Counsel

Elkins Kalt Weintraub Reuben Gartside, Jeffrey K. Riffer, Susan C. V. Jones, Eric J. Lorenzini; Lafayette & Kumagai, Gary T. Lafayette and Rebecca K. Kimura for Defendant and Appellant.

herronlaw, Matthew V. Herron and Courtney L. Gregory for Plaintiffs and Respondents.

Opinion

**SEPULVEDA, J.**—After respondents Gary D. Aronson and John S. Gorton voluntarily dismissed their breach-of-contract lawsuit against appellant Advanced Cell Technology (ACT), ACT filed a motion for attorney fees, which the trial court denied. Appellant argues that had the trial court employed the correct choice-of-law analysis, it would have awarded appellant its reasonable attorney fees as the party that prevailed in this action. We disagree and affirm.

I.

Factual and Procedural Background

Respondents entered into a settlement agreement with appellant on September 14, 2005, to resolve a lawsuit that respondents had filed against appellant in Massachusetts. The agreement provided that it was to be governed by, and construed and enforced under, Massachusetts law. The agreement further provided that "any attorney's fees and costs incurred by any of the Plaintiffs [(Aronson or Gorton)] hereafter in connection with the enforcement of the terms of this agreement . . . shall, together with interest . . . be paid on demand by [ACT]." The agreement did not provide for any reciprocal recovery of attorney fees by appellant in the event of a dispute.

Respondent Aronson filed a complaint for breach of contract against appellant on October 1, 2007, in California, alleging that appellant ACT had breached the terms of the settlement agreement. Respondent Gorton (represented by the same law firm as Aronson) filed an almost identical complaint for breach of contract 10 days later, and the cases were consolidated upon stipulation of the parties.

Trial was set for March 22, 2010. Following an unreported bench conference on March 18, the trial court dismissed respondents' case without prejudice pursuant to respondents' request (Code Civ. Proc., § 581, subd. (c)).

Appellant thereafter filed a motion for attorney fees seeking $645,542.40. Appellant argued that it was the prevailing party under Massachusetts law,

but that California law should apply to make the attorney fee provision in the settlement agreement reciprocal. Respondents opposed the motion, arguing that appellant was not entitled to attorney fees under either California or Massachusetts law.

The trial court denied the motion for attorney fees. Its written order states: "California Civil Code section 1717 applies under the choice of law analysis set forth in Nedlloyd Lines B.V. v. Superior Court (1992) 3 Cal.4th 459[,] 465 [11 Cal.Rptr.2d 330, 834 P.2d 1148]. Civil Code section 1717(a) provides attorneys fees to the prevailing party in an action and applies equally to the plaintiff and defendant even though the Settlement Agreement only provides fees for the Plaintiff. However, because the action was voluntarily dismissed without prejudice, defendant [is] not considered a prevailing party under the statute. Civil Code section 1717(b)(2)." This timely appeal followed.[1]

## II.

### DISCUSSION

■ Appellant renews its argument that it was entitled to recover attorney fees after respondents voluntarily dismissed their complaint. Appellant agrees with the trial court that the resolution of this issue turns on the choice-of-law analysis set forth in *Nedlloyd Lines B.V. v. Superior Court, supra,* 3 Cal.4th 459 (*Nedlloyd*). In *Nedlloyd,* the California Supreme Court held that where, as here, the parties have agreed that another jurisdiction's law will govern their agreement, the trial court analyzes the enforceability of the provision under the Restatement Second of Conflict of Laws (Restatement), section 187. (*Nedlloyd,* at pp. 464–465; see also *Washington Mutual Bank v. Superior Court* (2001) 24 Cal.4th 906, 915–916 [103 Cal.Rptr.2d 320, 15 P.3d 1071]; *ABF Capital Corp. v. Grove Properties Co.* (2005) 126 Cal.App.4th 204, 216 [23 Cal.Rptr.3d 803] (*Grove Properties*).)

Restatement section 187, subdivision (2) provides, in relevant part: "The law of the state chosen by the parties to govern their contractual rights and duties will be applied, even if the particular issue is one which the parties could not have resolved by an explicit provision in their agreement directed to that issue, unless either [¶] (a) the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice, or [¶] (b) application of the law of the chosen state would be contrary to a fundamental policy of a state which has a

---

[1] In its reply brief, appellant complains about a number of "procedural flaws" in respondents' brief (such as the fact that it is written in an incorrect type size and contains margins that are too small), which "provide grounds for the court to discredit" the brief. (Capitalization omitted.) In the absence of a request to strike the brief, and in light of the fact that appellant's complaints are trivial in nature, we will consider the matter despite respondents' apparent noncompliance with the rules. (Cal. Rules of Court, rule 8.204(e)(2)(C); *Singh v. Board of Retirement* (1996) 41 Cal.App.4th 1180, 1182, fn. 1 [49 Cal.Rptr.2d 220].)

materially greater interest than the chosen state in the determination of the particular issue and which, under the rule of § 188, would be the state of the applicable law in the absence of an effective choice of law by the parties." (Rest.2d Conf. of Laws (1988 rev.) § 187; see also *Nedlloyd, supra*, 3 Cal.4th at p. 465.) "[T]he proper approach under Restatement section 187, subdivision (2) is for the court first to determine either: (1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law. If neither of these tests is met, that is the end of the inquiry, and the court need not enforce the parties' choice of law. If, however, either test is met, the court must next determine whether the chosen state's law is contrary to a *fundamental* policy of California. If there is no such conflict, the court shall enforce the parties' choice of law. If, however, there is a fundamental conflict with California law, the court must then determine whether California has a 'materially greater interest than the chosen state in the determination of the particular issue . . . .' (Rest., § 187, subd. (2).) If California has a materially greater interest than the chosen state, the choice of law shall not be enforced, for the obvious reason that in such circumstance we will decline to enforce a law contrary to this state's fundamental policy." (*Nedlloyd*, at p. 466, fns. omitted, original italics.)

As set forth above, the parties' settlement agreement provides for an award of attorney fees to respondents, but not to appellant, in the event of a dispute regarding enforcement of the agreement. Appellant acknowledges that such a one-sided attorney fee provision would be enforceable in Massachusetts. (*Eastern Holding Corp. v. Congress Financial Corp.* (2009) 74 Mass.App.Ct. 737 [910 N.E.2d 931, 935 & fn. 6] [party may be entitled to fees upon remand pursuant to contract that provided for attorney fees to one party, but not the other].) Respondent argues that this court should honor the parties' selection of Massachusetts law and decline to award attorney fees to appellant, because no such award was contemplated by their agreement. (*ABF Capital Corp. v. Berglass* (2005) 130 Cal.App.4th 825, 839 [30 Cal.Rptr.3d 588] (*Berglass*) [applying N.Y. law to enforce unilateral attorney fee provision].) Appellant argues that California law applies to determine whether it is entitled to attorney fees. We need not decide this issue, however, because even assuming that California law applies, appellant was not entitled to attorney fees, as we now explain.

 In California, Civil Code section 1717 (section 1717) "ensure[s] mutuality of remedy for attorney fee claims under contractual attorney fee provisions." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 610 [71 Cal.Rptr.2d 830, 951 P.2d 399].) The statute provides, in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined

to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (§ 1717, subd. (a).) The statute applies in situations, such as this one, where a contract provides the right to attorney fees to one party, but not the other, and makes an otherwise unilateral right reciprocal. (*Santisas*, at pp. 610–611.)

█ The trial court concluded that, pursuant to *Nedlloyd, supra*, 3 Cal.4th 459, section 1717 (and not Mass. law) governed the award of attorney fees in this case. This conclusion is consistent with at least two published cases that concluded that the statute reflects a public policy in California that contractual attorney fee provisions be applied mutually. (*Grove Properties, supra*, 126 Cal.App.4th at pp. 218, 220, 223 [under *Nedlloyd*, § 1717 governs attorney fees in part because reciprocal fee provision of statute is fundamental policy of Cal. and conflicts with chosen state's law]; *Ribbens Internat., S.A. de C.V. v. Transport Internat. Pool, Inc.* (C.D.Cal. 1999) 47 F.Supp.2d 1117, 1126 (*Ribbens*) [applying Pa. law to enforce one-way attorney fee clause would be contrary to "fundamental public policy of California"]; but see *Berglass, supra*, 130 Cal.App.4th at p. 839 [disagreeing with *Grove Properties* court's conclusion that Cal.'s interest in award of attorney fees materially greater than N.Y.'s].) Appellant agrees with the trial court that section 1717 governs the award of attorney fee in this case, at least insofar as it ensures mutuality of remedy for attorney fee claims pursuant to contract.

Although the trial court concluded that section 1717 applied, it nonetheless denied appellant attorney fees, because appellant did not meet the statute's definition of "the party prevailing on the contract." (§ 1717, subd. (a).) That is because section 1717, subdivision (b)(2) provides that where, as here, "an action has been voluntarily dismissed . . . , there shall be no prevailing party for purposes of this section." (See also *Marina Glencoe, L.P. v. Neue Sentimental Film AG* (2008) 168 Cal.App.4th 874, 877–878 [85 Cal.Rptr.3d 800] [voluntary dismissal precludes award of attorney fees under § 1717].) Appellant disagrees, arguing that under *Nedlloyd, supra*, 3 Cal.4th 459, Massachusetts law applies to determine whether ACT was the prevailing party in this action. As we understand ACT's argument, appellant would have this court apply section 1717, subdivision (a)—which provides for an award of attorney fees to "the party prevailing on the contract"—to ensure mutuality of remedy for an attorney fee claim, but apply the law of Massachusetts to determine who was the "party prevailing on the contract."[2] We decline to do so.

---

[2] We note that the attorney fee clause in the parties' agreement does not contain the term "prevailing party," let alone define it; rather, it simply provides for fees incurred by respondents "in connection with the enforcement of the terms of this agreement." Although the parties elected that their agreement be governed by Massachusetts law, appellant does not ask that we apply Massachusetts law to interpret a term in the agreement. Instead, appellant asks that we

Appellant claims that section 1717, subdivision (a) reflects "a strong, fundamental policy against one-sided attorneys' fees provisions" in California, but that, by contrast, the "prevailing party rules expressed in [section 1717, subdivision (b)] are not fundamental public policy" in the state. To the contrary, assuming that section 1717's guarantee of mutuality of remedy for attorney fee claims under contractual attorney fee provisions reflects a fundamental public policy of California, it logically follows that the definition of "prevailing party" contained in that same statute is used to determine whether appellant is entitled to attorney fees.

■ The California Supreme Court has recognized that section 1717, subdivision (b), is an integral part of the statutory scheme ensuring mutuality of remedy for contractual attorney fee claims. Before the enactment of current section 1717, subdivision (b), the Supreme Court held, in *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d 1031] (*Olen*), that a defendant in whose favor a dismissal had been entered was not considered a "prevailing party" for purposes of the statute. (*Id.* at p. 222.) The court reasoned that section 1717 "reflects legislative intent that equitable considerations must prevail over both the bargaining power of the parties and the technical rules of contractual construction." (*Olen*, at p. 224.) The Legislature in 1981 codified the holding in *Olen* when it enacted the current version of section 1717, subdivision (b)(2). (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 616.) Our Supreme Court has subsequently construed this subdivision as follows: "When a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 *bars the defendant from recovering attorney fees incurred in defending those causes of action . . . .*" (*Id.* at p. 617, italics added.) The trial court's order denying attorney fees was proper under the plain meaning of section 1717, subdivision (b), and our Supreme Court's interpretation of the statute.

■ Appellant cites no case where a court applied section 1717, subdivision (a), but relied on the law of another state to provide the definition of a prevailing party (or any other term), as used in that same statute, and we are aware of none. Appellant is correct that the court should conduct a choice-of-law analysis as to each particular issue presented for decision (*Nedlloyd, supra,* 3 Cal.4th at p. 466), and that the issue of entitlement to attorney fees under a choice-of-law analysis is thus addressed separately from analysis of substantive issues of the case. (*Berglass, supra,* 130 Cal.App.4th at

---

apply Massachusetts law to define the term "prevailing party," as that term is used in a different state's statute. (§ 1717, subd. (b)(2).)

pp. 837–838; *Ribbens, supra,* 47 F.Supp.2d at pp. 1119–1120.) ■ However, once a court concludes that it will apply a California statute to determine whether to award attorney fees, a determination of whether a party is a prevailing party as defined by that same statute is not a separate issue to be analyzed pursuant to *Nedlloyd.* The trial court properly denied appellant's motion for attorney fees.

## III.

### DISPOSITION

The order denying attorney fees is affirmed. Respondents shall recover their costs on appeal.

Ruvolo, P. J., and Reardon, J., concurred.