482 So.2d 1144 (1986)
HUGHES EQUIPMENT COMPANY a/k/a Stribling Equipment CO.
v.
Grover FIFE, Linnie Schuchs d/b/a Fife's Specialties & Fife Oil Field, Inc.
No. 55243.
Supreme Court of Mississippi.
January 29, 1986.
T. Frank Collins, Jackson, for appellant.
John R. Kingsafer, Hudson & Kingsafer, Natchez, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
ROY NOBLE LEE, Presiding Justice, for the Court:
Hughes Equipment Company, a/k/a Stribling Equipment Company [Hughes] appeals from a judgment of the Circuit Court of Adams County awarding attorney's fees in the sum of three thousand dollars ($3,000) to Grover Fife [Fife] after a voluntary dismissal by Hughes of a complaint filed by it against Fife, Linnie Schuchs, and Fife Oil Field, Inc. Hughes cross-appeals, contending that in the event attorney's fees were properly allowed, the fees were excessive.
The appellant assigns four (4) errors in the trial below. We address only the first assignment, which is dispositive of the case.

DID THE LOWER COURT ERR IN GRANTING ATTORNEY'S FEES?
On June 25, 1982, prior to the institution of suit on September 20, 1982, the attorney for Hughes wrote Fife a letter advising that Fife's outstanding account in the sum of eighteen thousand two hundred fifty-five dollars seventy-six cents ($18,255.76) had been placed with him for collection, the letter following provisions of Mississippi Code Annotated § 11-53-81 (1972), as amended, and that attorney's fees would be claimed in the event the account was not paid. The record does not indicate that any response was made to that letter. After the suit was filed, Fife filed an answer, affirmative defenses and a counterclaim for a declaratory judgment as to his non-liability. Subsequently, an amended answer and affirmative defenses were filed enlarging upon the affirmative defenses.
On April 4, 1983, Hughes filed a motion to dismiss its suit and the counterclaim with prejudice, stating that Hughes' claim had been successfully settled with one of the defendants; that there was no necessity of Hughes pursuing its claim against the individual defendant (Fife); and that the counterclaim for declaratory judgment on behalf of Fife should also be dismissed as moot. On April 14, 1983, Fife filed a motion to dismiss his counterclaim, and on April 15, 1983, the Court found that Fife's motion was well taken and ordered the counterclaim against Hughes dismissed, without further explanation.
*1145 On April 20, 1983, the court sustained the motion of Hughes for dismissal of its complaint and entered the following order:
CAME ON THIS DAY for hearing upon the motion of the Plaintiff, HUGHES EQUIPMENT COMPANY, for an Order of Dismissal with prejudice, and the Court, finding that it has jurisdiction of the parties and of the subject matter, and further finding that the Defendants have no objection to the motion of the Plaintiff, the Court finds the motion well taken and that it should be granted.
IT IS, THEREFORE, ORDERED AND ADJUDGED that this cause is hereby dismissed with prejudice and that all costs will be assessed against the Plaintiff herein.
SO ORDERED AND ADJUDGED, this the 20th day of April, 1983.
Previously, on April 4, 1983, Fife filed a motion for attorney's fees and expenses, which motion was heard by the lower court April 25, 1983, and, on the same date, an order was entered granting Fife's motion for attorney's fees and allowing three thousand dollars ($3,000). The order provided in part the following:
That the Motion of the defendant Grover Fife is well taken and is hereby granted, said defendant is the prevailing party in this lawsuit; and, pursuant to Rules 41 and 54, Mississippi Rules of Civil Procedure, said defendant is entitled to and is hereby awarded all costs in this action; and, further, under the authority of Section 11-53-81, Mississippi Code (1972) as amended, said defendant is entitled to and is hereby awarded a reasonable attorney's fee against the plaintiff Hughes Equipment Company, which reasonable attorney's fee, the Court finds to be $3,000.00. The plaintiff's Motion for Attorney's Fees and Expenses is hereby denied.
The statute on which Fife relies for attorney's fees is Mississippi Code Annotated § 11-53-81 (1972), as amended, following:
When any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff. Evidence of receipt of written demand by the spouse of the debtor when they are living together as husband and wife on behalf of the debtor may be introduced as evidence of written demand on the debtor. If that person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney's fees to be set by the judge.
The first sentence of the above section, which relates to the recovery of attorney's fees by the plaintiff, was interpreted and decided in Magnolia Farm Services v. Tunica Oil Co., 438 So.2d 285 (Miss. 1983), wherein the Court said:
Our study causes us to conclude that in passing § 11-53-81, supra, the legislature intended to provide relief to creditors who not only employed an attorney but prosecuted the case in court until "judgment on the claim is rendered... ." Here before the trial the account (claim) was paid in full and no judgment was ever rendered on the once-delinquent account. The statute: § 11-53-81, in allowing attorney's fees as to open account suits is obviously in derogation of common law which did not allow such fees, and therefore must be strictly construed. Had the legislature intended for attorney's fees to become attached when suit is filed, such intent could have been easily expressed. Instead, § 11-53-81 allows for the fees "when judgment of the claim is rendered in favor of the plaintiff ..." No such judgment having been "rendered", the attorney's fees are not recoverable and reversal must be ordered here. Having so held, we do not reach the issue of whether the attorney's fee was excessive.
438 So.2d at 288.
The question involved in the case sub judice is that part of the statute relating to *1146 the defendant, viz, "If that person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney's fees to be set by the judge."
Rules 41 and 54, Miss.Rules Civ.Proc., do not offer Fife any help on this question. Rule 54 provides in part:
Absent a special statute or rule, or an exceptional exercise of judicial discretion, such items as attorney's fees, travel expenditures, and investigatory expenses will not qualify either as statutory fees or reimbursable costs. These expenses must be borne by the litigants. 10 Wright & Miller, supra § 2666. See also 6 Moore's Federal Practice §§ 54.01-.43 (1972).
The sworn account attached to the complaint, together with the invoices, reflect that the statements and invoices, except for two invoices, were mailed to G. Fife and L. Schuchs, d/b/a Fife Oil Field Specialists, P.O. Box 1432, Natchez, MS 39120. The two invoices mentioned were mailed to Fife Oil Field, Inc., Box 1432, Natchez, MS 39120. The affirmative defenses stated that Fife disposed of his interest in the business to the corporation upon dissolution of the Fife-Schuchs partnership on or about February 8, 1979, and that he has had nothing to do with the business since such time.
Appellee Fife contends he was a prevailing party, since the complaint was dismissed without collecting from him. He introduced proof over objection of the appellant, to indicate that he was not liable for the claim. We do not address that assignment of error by Hughes. However, cases are not tried on the merits to determine which party shall be liable for costs or attorney's fees, after the substance of a case has been adjudicated or disposed of. Appellant argues that, upon settlement of the case, all discovery, investigation and trial preparation ceased, the issues became moot, and the question of whether or not Fife was liable on the account was of no consequence. Appellant contends that it is not the practice of courts to decide cases after the time when a judgment may be made effective, or to decide questions after the decision has become useless, merely to ascertain who is liable for costs or attorney's fees, citing 1 Am.Jur.2d Actions § 57 (1965). Chisolm v. Crook, 272 Ala. 192, 130 So.2d 191 (1961).
We think the reasoning of the California Court in International Industries, Inc. v. Olen, 21 Cal.3d 218, 145 Cal. Rptr. 691, 577 P.2d 1031 (Calif. 1978) is sound:
Although a plaintiff may voluntarily dismiss before trial because he learns that his action is without merit, obviously other reasons may exist causing him to terminate the action. For example, the defendant may grant plaintiff  short of trial  all or substantially all relief sought, or the plaintiff may learn the defendant is insolvent, rendering any judgment hollow. Such defendants may not recover attorney fees within the equitable principles of Ecco-Phoenix Electric Corp. Moreover, permitting recovery of attorney fees by defendant in all cases of voluntary dismissal before trial would encourage plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees.
It has been suggested that in pretrial dismissal cases the court should determine whether, and to what extent, the complaint is meritorious and award attorney fees accordingly. However, to arrive at that determination would require the court to try the entire case. The purpose of litigation is to resolve participants' disputes, not compensate participating attorneys. Our courts are sufficiently burdened without combat kept alive solely for attorney fees.
In pretrial dismissal cases, we are faced with a Hobson's choice of either (1) adopting an automatic right to attorney fees, thereby encouraging the maintenance of pointless litigation and violating the equitable principles which should govern attorney fee clauses, (2) providing for application of equitable considerations, requiring use of scarce judicial resources for trial of the merits of dismissed *1147 actions, or (3) continuing the former rule, denying attorney fees in spite of agreement. We are satisfied that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether claim is asserted on the basis of the contract or section 1717's reciprocal right.
145 Cal. Rptr. 693-694, 577 P.2d at 1034-1035.
We can conceive of close questions on liability in an open account against multiple defendants in which it is necessary to sue those defendants in order to have all parties before the court. After a trial on the merits, judgment might be entered against one defendant and judgment entered for the other defendants that the plaintiff take nothing from them. Without speculating on such a situation, we are of the opinion that the second part of § 11-53-81 relating to the defendant(s) must be interpreted consistently with the first part relating to plaintiff(s) in that judgment must be rendered in favor of the defendant and against the plaintiff to constitute a defendant as the prevailing party. The lower court erred in allowing attorney's fees for Fife under the facts and circumstances here involved, and the judgment of the lower court is reversed and judgment is rendered here for the appellant Hughes.[1]
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] This decision on the direct appeal disposes of the cross-appeal.