ISHEE, J.,
for the Court.
¶ 1. Head & Engquist Equipment Services, LLC (H & E) filed suit against Thomas R. Floyd and Thomas R. Floyd, Mason Contractors, Inc. (Floyd) in the Circuit Court of Simpson County, claiming damages and attorney’s fees for failure to pay an open account or, in the alternative, breach of contract. Floyd filed a counterclaim requesting actual and punitive damages for breach of contract, bad faith, and fraud. After the jury returned a verdict in favor of H & E in the amount of $45,000, the circuit court entered judgment notwithstanding the verdict, ordering that H & E take nothing and that its claims be dismissed with prejudice. The circuit court subsequently entered a final judgment denying H & E’s motion for reconsideration, as well as Floyd’s motion for attorney’s fees. Aggrieved by the court’s final judgment, both parties appeal. Finding no error, we affirm.
FACTS
¶ 2. H & E sells, rents, and services heavy equipment such as cranes, forklifts, and dirt moving equipment. Between November 1988 and April 2002, Floyd, concrete and cement contractors, entered into lease purchase agreements "with H & E for four forklifts and a rental agreement for a crane. During the course of the parties’ business relationship, H & E serviced, repaired, and replaced parts for the leased/rented equipment.
¶ 3. On November 13, 2002, H & E filed suit against Floyd in the Circuit Court of Simpson County claiming damages and attorney’s fees for failure to pay an open account or, in the alternative, breach of contract.[1] On December 5, 2002, Floyd filed an answer and a counterclaim requesting actual and punitive damages for H & E’s alleged breach of contract, bad faith, and fraud. On July 21, 2004, the circuit court granted Floyd’s motion to dismiss and/or for summary judgment only as it pertained to H & E’s attorney’s fees under the open account statute, Mississippi Code Annotated section 11-53-81 (Rev. 2002); the circuit court denied Floyd’s mo *580 tion to dismiss and/or for summary judgment in all other respects.
¶ 4: A jury trial was held on March 14 and 15, 2005. Shane Waugespack testified that he was the manager and custodian of business records at H & E’s Jackson, Mississippi branch. During Waugespack’s testimony, H & E introduced into evidence numerous documents under the business records exception. Floyd’s objections to the documents were overruled. Among the documents admitted under the business records exception were four computer-generated equipment lease forms.
¶ 5. Waugespack testified that the equipment lease forms were computer-generated documents created by a salesman after making an agreement with a customer in the “field.” On the back of the equipment lease forms, paragraph six stated that the “LESSEE assumes the responsibility for any damages to the machinery while in the LESSEE’S possession and/or care, reasonable wear and tear to be expected.” According to Waugespack, Floyd entered into its first lease-purchase agreement with H & E on November 24, 1998, for a forklift by filling out a credit application and signing a purchase order. Waugespack also testified that the terms of the agreement between H & E and Floyd were not listed on the purchase order, but they were on the back of the equipment lease form.
¶ 6. H & E introduced numerous service and repair invoices into evidence totaling approximately $56,000. H & E maintained that Floyd was responsible for paying the invoices under the terms of the parties’ agreement because the damage to the equipment, including string being wrapped around an axle, did not constitute normal wear and tear. Floyd maintained that the language on the back of the equipment lease forms did not constitute the agreement between the parties because the equipment lease forms were signed when the equipment was delivered, i.e., after the deal was originally made in the field.
¶ 7. The jury returned a verdict in favor of H & E in the amount of $45,000. On March 21, 2005, Floyd filed a motion to set aside the verdict and for judgment notwithstanding the verdict asserting that H & E offered no admissible evidence of the amount of its claimed damages and that the fine print on the back of H & E’s delivery tickets was not part of the parties’ agreement. On March 25, 2005, Floyd filed motions to alter or amend the judgment, for a new trial, and a renewed motion to set aside the verdict and for judgment notwithstanding the verdict. On April 21, 2005, the circuit court entered judgment notwithstanding the verdict ordering that H & E take nothing and that its claims be dismissed with prejudice. On April 29, 2005, H & E filed a motion for reconsideration, and Floyd filed a motion for attorney’s fees pursuant to Mississippi Code Annotated 11-53-81. On May 2, 2005, the circuit court entered an order denying Floyd’s motion to alter or amend or for a new trial. The circuit court entered a final order denying the motion for reconsideration and the motion for attorney’s fees on August 8, 2005. In order to clarify the record, a final judgment was entered on August 16, 2005, affirming the final order entered on August 8.
¶ 8. Aggrieved by the court’s decision, H & E filed a notice of appeal on August 25, 2005. H & E asserts the following issue for this Court’s review: whether the trial court erred in altering the record and granting judgment notwithstanding the verdict of the jury. Also aggrieved by the circuit court’s final judgment, Floyd filed a cross-appeal on August 26, 2005. Floyd asserts the following issue for our review: whether the trial court should have granted Floyd’s motion for attorney’s fees.
*581 ISSUES AND ANALYSIS
I. Whether the trial court erred in altering the record and granting judgment notwithstanding the verdict of the jury.
¶ 9. Under this assignment of error, H <& E maintains that the invoices introduced during trial met the requirements for admission into evidence, pursuant to Rule 803(6) of the Mississippi Rules of Evidence, also known as the “business records” exception to the hearsay rule. H & E further maintains that if, in the alternative, the invoices were inadmissible, the trial court erred in excluding the erroneously admitted evidence when considering whether to grant Floyd’s motion for judgment notwithstanding the verdict. We will first address whether the invoices were admissible under Rule 803(6).
¶ 10. Rule 803(6) of the Mississippi Rules of Evidence provides that records of regularly conducted business activity are not excluded by the hearsay rule if the custodian or other qualified witness testifies that the records were “made at or near the time by, or from information transmitted by, a person with knowledge,” and the records were “kept in the course of a regularly conducted business activity,” and “it was the regular practice of that business” to make the records. In Ferguson v. Snell, 905 So.2d 516 (Miss.2004), the court considered whether the trial court erred in admitting computer-generated documents into evidence. The Ferguson court held that, pursuant to Rule 803(6), “the focus is properly placed on the time period when the documents were created, the trustworthiness of the documents, and whether their creation was in the regular course of business.” Id. at 519(¶ 12). Even though the computer-generated documents were not created by the employee who testified during the trial, the court determined that it was not necessary to hear testimony from each person who contributed to creating the record. Id. In finding that the testimony of the employee in Ferguson complied with the requirements of Rule 803(6), the court noted that she “testified to the contents of the document in question, which recorded every transaction on the insurance policy, and to exactly how each number on the page came to be.” Id. at 520(¶ 13). The court also noted that the employee explained how the computer system worked and how entries were made into the system. Id.
¶ 11. Contrary to Ferguson, the testimony in the case sub judice did not prove that the computer-generated invoices were sufficiently trustworthy. Although Waugespack testified that he was the custodian of the records at the Jackson branch and that the invoices were generated in the ordinary course of H & E’s business, Waugespack gave no explanation as to how the documents were created. Moreover, H & E failed to show that the computer-generated invoices, many of which were reprints, were created at or near the time the charges were incurred. Therefore, we find that the invoices failed to meet the requirements for admission under the Rule 803(6). Consequently, we now address the trial court’s decision to exclude the erroneously admitted evidence when considering Floyd’s motion for judgment notwithstanding the verdict.
¶ 12. This court employs a de novo standard of review of a trial court’s grant of a directed verdict, a peremptory instruction, and a judgment notwithstanding the verdict. White v. Stewman, 932 So.2d 27, 32(¶ 10) (Miss.2006). When reviewing the grant of a motion for judgment notwithstanding the verdict, we must determine whether the trial court “properly found that the jury’s verdict was not supported by a legally sufficient evidentiary *582 basis.” Id. at 36(¶ 25). Furthermore, we must consider the evidence in the light most favorable to the non-movant, giving him the benefit of all favorable inferences that may be reasonably drawn from the evidence. Id. at 32(1110) (citing Steele v. Inn of Vicksburg, Inc., 697 So.2d 373, 376 (Miss.1997)). If, after viewing the evidence in this manner, we conclude that reasonable men could only have found in favor of the movant, we must reverse and render. Id. Conversely, if we find substantial evidence to support the verdict, 1.e., “evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might have reached different conclusions,” then we must affirm. Id.
¶ 13. H & E asserts that, pursuant to Sumitomo Bank of California v. Product Promotions, Inc., 717 F.2d 215, 218 (5th Cir.1983), the trial court erred in excluding evidence previously admitted during trial when it considered whether to grant Floyd’s motion for judgment notwithstanding the verdict. The court in Sumitomo held that a trial judge “erred in retroactively striking the summary exhibits and then gauging the jury’s performance on the Active basis that the summary evidence was not before it.” Id. In making this holding, the Sumitomo court cited Midcontinent Broadcasting Co. v. North Cent. Airlines, Inc., 471 F.2d 357, 358 (8th Cir.1973) (finding that it was error for a trial court to grant judgment as a matter of law only after excluding the plaintiffs expert testimony) for the proposition that “[i]n ruling on the sufficiency of evidence the trial court must take the record as presented to the jury and cannot enter judgment on a record altered by the elimination of incompetent evidence.” Id.
¶ 14. We are not persuaded by the court’s reasoning in Sumitomo due to the decision in Weisgram v. Marley Co., 528 U.S. 440, 443, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000), where the United States Supreme Court addressed whether federal trial and appellate courts had the authority to disregard improperly admitted evidence and enter judgment as a matter of law in favor of the jury verdict loser. The Weis-gram court affirmed the decision of the Court of Appeals for the Eighth Circuit to remove erroneously admitted evidence and enter judgment as a matter of law based on the insufficiency of the remaining properly admitted evidence. Id. at 457, 120 S.Ct. 1011. The Weisgram court noted that Midcontinent, and other cases holding that courts should not disregard incompetent evidence when ruling on a motion for judgment as a matter of law, are decisions “of questionable consistency with Rule 50(a)(1), which states that in ruling on a motion for judgment as a matter of law, the court is to inquire whether there is any ‘legally sufficient evidentiary basis’ for a reasonable jury” to find as it did. Id. at 453, 120 S.Ct. 1011. The court further noted that “[(Inadmissible evidence contributes nothing to a ‘legally sufficient evi-dentiary basis.’ ” Id. at 454, 120 S.Ct. 1011 (citing Brooke Group Ltd. v. Brown & Williamson Tobacco Corp., 509 U.S. 209, 242, 113 S.Ct. 2578, 125 L.Ed.2d 168 (1993)).
¶ 15. Although Rule 50 of the Mississippi Rules of Evidence is worded differently than the federal rule, both rules require that the court considering a motion for judgment notwithstanding the verdict, or judgment as a matter of law as it is called in federal court, to consider whether there is a legally sufficient evidentiary basis to support the verdict of the jury.[2] Weis- *583 gram, 528 U.S. at 458, 120 S.Ct. 1011; White, 932 So.2d at 36(¶ 25). Because inadmissible evidence cannot contribute to a “legally sufficient evidentiary basis,” we find that the trial court in the case sub judice did not err in removing erroneously admitted evidence when considering whether to grant Floyd’s motion for judgment notwithstanding the verdict. Consequently, this issue is without merit.
II. Whether the trial court should have granted Floyd’s motion for attorney’s fees.
¶ 16. Floyd asserts that the trial court should have granted its motion for attorney’s fees because H & E’s complaint expressly invoked the Mississippi Open Account statute, or Mississippi Code Annotated section 11-53-81 (Rev.2002), which provides in pertinent part that “[i]f that person sued on the open account shall prevail in the suit, he shall be entitled to reasonable attorney’s fees to be set by the judge.” Floyd asserts that it prevailed in the suit when it successfully filed a motion for summary judgment in the pretrial stage regarding H & E’s claim under the open account statute, and prevailed again when the court granted its motion for judgment notwithstanding the verdict. We disagree.
¶ 17. The record indicates that H & E did attempt to sue under the Mississippi Open Account statute for attorney’s fees and, in the alternative, that the open account claim was not well taken, then H & E would pursue its claims under contract. On July 21, 2004, Floyd’s motion to dismiss and/or for summary judgment was granted on H & E’s “claim for attorneys’ fees under the open account statute, Mississippi Code Annotated section 11-53-81.” Floyd prevailed on his motion to dismiss and/or summary judgment to remove the open account claim against him, and the parties continued litigation under the lease-purchase contract claims.
¶ 18. In Hughes Equipment Co. v. Fife, 482 So.2d 1144, 1145 (Miss.1986), the court held that it was error to grant attorney’s fees to the defendants in an open account suit when the case was voluntarily dismissed during the pretrial stage. Hughes Equipment, 482 So.2d at 1145. The trial court granted attorney’s fees to Fife, finding it to be the prevailing party because Hughes Equipment had dismissed its claim against Fife. Id. However, on appeal the court found that Fife could not be the “prevailing party” under 11-53-81 when the claim was dismissed pretrial; therefore, it should not have been awarded attorney’s fees. Id. at 1146. The court adopted the reasoning of the California court in International Industries, Inc. v. Olen, 21 Cal.3d 218, 577 P.2d 1031, 145 Cal.Rptr. 691 (1978), where in pretrial dismissal cases the parties should be left to bear their own attorney’s fees. Hughes Equipment, 482 So.2d at 1147. Furthermore, the federal court has stated that attorney’s fees are not available under section 11-53-81 when the claim is based on contract. C.R. Daniels, Inc. v. Yazoo Mfg. Co., 641 F.Supp. 205, 210 (S.D.Miss.1986). “Daniels is not entitled to attorney’s fees under this section because his claim against Yazoo is based on contract rather than open account.” Id.
¶ 19. Summary judgment was entered in favor of Floyd in a pretrial motion to *584 dismiss and/or summary judgment as to the claim under the open account statute for attorney’s fees. Accordingly, attorney’s fees on an open account claim were no longer available to either party. The parties then proceeded with their claims based on contract. We find that the trial court did not err in refusing to award attorney’s fees to Floyd. This issue is without merit.
¶ 20. THE JUDGMENT OF THE CIRCUIT COURT OF SIMPSON COUNTY IS AFFIRMED ON BOTH DIRECT APPEAL AND ON CROSS-APPEAL. ALL COSTS OF THIS APPEAL ARE ASSESSED IN EQUAL PARTS TO THE APPELLANT/CROSS-APPEL-LEE AND THE APPELLEES/CROSS-APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., AND IRVING, J., CONCUR. BARNES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY CHANDLER, GRIFFIS, ROBERTS AND CARLTON, JJ. CHANDLER AND ROBERTS, JJ., CONCUR IN PART AND DISSENT IN PART WITHOUT SEPARATE WRITTEN OPINION.

. On January 26, 2004, the circuit court entered an agreed order amending the pleadings to add Thomas R. Floyd, Mason Contractors, Inc. as a defendant and counter-plaintiff.

. In both the Mississippi and Federal Rules of Civil Procedure, Rule 50(b) provides that the movant has no more than ten days after entry of judgment or, if a verdict was not returned *583 on the issue, no more than ten days after the jury was discharged, in order to file a motion for judgment notwithstanding the verdict, i.e., judgment as a matter of law. Rule 50(b) of the Mississippi Rules of Civil Procedure is distinguishable from the federal rule in that a motion for directed verdict is not a prerequisite to filing a motion for judgment notwithstanding the verdict. Miss. R. Civ. P. 50(b) cmt.